UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 5:26-cv-02725-CAS-DTBx | Date | May 21, 2026 |
|---|---|---|---|
| Title | OEGG, Inc. et al v. Pierce Egg Co. et al | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS) PLAINTIFFS' *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER (Dkt. 13, filed May 20, 2026)

## I.    INTRODUCTION

On May 20, 2026, plaintiffs Oegg, Inc. ("Oegg"), Oegg Texas Foods, Inc. ("Oegg Texas"), and Hunan Huxianggong Food Co., Ltd. ("HHFC") (collectively, "plaintiffs"), by and through their counsel, filed a complaint against defendants Pierce Egg Company d/b/a Chino Valley Ranchers ("CVR"), Christopher Nichols, Mario Montenegro, David Will, George Hand Produce Inc., and George Chen (collectively, "defendants"). Dkt. 1 ("Compl."). Plaintiffs assert four claims for relief: (1) violation of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. §§ 1836, *et seq.*, against all defendants; (2) violation of California's Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code §§ 3426, *et seq.*, against all defendants; (3) breach of fiduciary duty and duty of loyalty in violation of Cal. Corp. Code § 16404 against defendants CVR and George Hand; (4) aiding and abetting breach of fiduciary duty and violation of Cal. Corp. Code § 16404 against defendants Nichols, Montenegro, Will, and Chen; and (5) unlawful, unfair, and fraudulent business practices in violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 and 17203, *et seq.*, against all defendants. Id. at ¶¶ 79-126.

Concurrently with the complaint, plaintiffs filed an *ex parte* application for a temporary restraining order. Dkt. 13 ("App."). Plaintiffs ask the Court to order defendants to: (1) refrain from further using, disclosing, or reproducing Oegg's confidential information and trade secrets in any manner, including refraining from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                           **'O'**

| Case No. | 5:26-cv-02725-CAS-DTBx | Date | May 21, 2026 |
|---|---|---|---|
| Title | OEGG, Inc. et al v. Pierce Egg Co. et al | | |

continuing to manufacture, market, offer for sale, sell, distribute or other commercialize any products developed using, derived from, or materially benefiting from Oegg's trade secrets and confidential information; (2) account for, identify, and return all Oegg confidential information and trade secrets, including documents or compilations containing the same, that defendants have in their possession, custody, or control; (3) identify each person or entity to whom Oegg's confidential information and trade secrets have been disclosed without Oegg's consent, including the substance, medium, and date of each such disclosure; (4) cease holding themselves out as being affiliated with Oegg in any way; and (5) certify in writing by affidavit delivered to Oegg that they have complied with (1)-(4) above. App. at 1. In the alternative, plaintiffs request that the Court issue an Order to Show Cause why a Preliminary Injunction against defendants, with the same relief, should not be issued. Id.

## II.    DISCUSSION

The purpose of a temporary restraining order is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439 (1974). A court may issue a temporary restraining order without notice to the adverse parties or its attorney only if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; *and* (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1) (emphasis added). The Ninth Circuit has explained that "the circumstances justifying the issuance of an ex parte [temporary restraining] order are extremely limited." Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006) (citing Granny Goose, 415 U.S. at 438–39). These stringent restrictions "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before a reasonable notice and an opportunity to be heard has been granted both sides of a dispute." Granny Goose, 415 U.S. at 438–39.

An *ex parte* temporary restraining order "may be appropriate 'where notice to the adverse party is impossible either because the identity of an adverse party is unknown or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 5:26-cv-02725-CAS-DTBx | Date | May 21, 2026 |
|----------|------------------------|------|--------------|
| Title | OEGG, Inc. et al v. Pierce Egg Co. et al | | |

because a known party cannot be located in time for a hearing.'" Reno Air Racing, 452 F.3d at 1131 (quoting Am. Can Co. v. Mansukhani, 742 F.3d 314, 322 (7th Cir. 1984)). But "[i]n cases where notice could have been given to the adverse party, courts have recognized a very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action." Id. (internal quotation marks omitted).

Plaintiffs have asserted that efforts will be made to provide notice of the complaint and application for a temporary restraining order to defendants,[1] but plaintiffs have not sufficiently explained why actual notice to defendants should not be required. Therefore, under Federal Rule of Civil Procedure 65, the Court cannot issue a temporary restraining order on an *ex parte* basis. See, e.g., Kerr v. Am. Home Mortg. Serv. Inc., No. 10-cv-1612-BEN, 2010 WL 3033793, at *1 (S.D. Cal. Aug. 3, 2010) (denying motion for a temporary restraining order where plaintiff failed to "certif[y] in writing any efforts to give notice . . . or reasons why notice should not be required"). Moreover, plaintiffs have not filed proofs of service in connection with the complaint, indicating that defendants do

---

[1] Plaintiffs assert that "Oegg will give notice to Defendants of this *ex parte* application via messenger delivery to the offices of defendants CVR and George Hand to relay that Oegg has filed a complaint and will shortly file an application for a temporary restraining order and providing the jurisdiction and case number, and contact information for Oegg's counsel and by emailing notice to Defendants advising all Defendants of the same. Counsel for Oegg will email to Defendants all documents filed with this Court. Oegg will file a supplemental declaration with this Court providing the details of notice given to Defendants." App. at 2. See dkts. 12–18. Counsel for plaintiffs declares that counsel "will arrange to provide notice of Oegg's Ex Parte Application to Defendants Pierce Egg Co., d/b/a Chino Valley Ranchers, Christopher Nichols, Mario Montenegro, David Will, George Hand Product Inc., and George Chen (collectively "Defendants") and will file a supplemental declaration detailing the same with the Court. As of this submission, I am unaware of Defendants' position regarding the Application, including any opposition thereto." Dkt. 13-2 ("Declaration of Ben Yaghoubian") at ¶ 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL                    'O'

| Case No. | 5:26-cv-02725-CAS-DTBx | Date | May 21, 2026 |
|----------|------------------------|------|--------------|
| Title | OEGG, Inc. et al v. Pierce Egg Co. et al | | |

not have actual notice of this lawsuit, let alone of plaintiffs' application for a temporary restraining order.

## III.    CONCLUSION

Plaintiffs' application is therefore **DENIED** without prejudice to its being renewed upon proper service of defendants.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |