UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL 'O'**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-02725-CAS-DTBx | Date | October 5, 2026 |
| Title | OEGG, Inc. et al v. Pierce Egg Co. et al | | |

| | |
|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER |

| | | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Edward Loya, Jr. (Telephone)<br>Benjamin Yaghoubian<br>Joelle Leib | Alex Weingarten<br>Amy Stern |

**Proceedings:** ZOOM HEARING RE: DEFENDANTS' MOTION TO BIFURCATE DISCOVERY AS TO LIABILITY AND DAMAGES (Dkt. 82, filed on August 25, 2026)

## I. INTRODUCTION

The procedural history and alleged facts of this case are well-known to the parties and set forth in the Court's June 24, 2026 and July 8, 2026 orders. Dkts. 50, 63.

On August 25, 2026, defendants Pierce Egg Company d/b/a Chino Valley Ranchers ("CVR"), Christopher Nichols, Mario Montenegro, David Will, George Hand Produce Inc. ("GHP"), and George Chen (collectively, "defendants") filed the instant motion to bifurcate discovery as to liability and damages. Dkt. 82 ("Mot."). On September 14, 2026, plaintiffs Oegg, Inc., Oegg Texas Foods, Inc., and Hunan Huxianggong Food Co., Ltd. (collectively, "plaintiffs" or "Oegg") filed an opposition. Dkt. 113 ("Opp."). On September 21, 2026, defendants filed a reply. Dkt. 114 ("Reply").

On October 5, 2026, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Under Federal Rule 42(b) of the Federal Rules of Civil Procedure ("Rule 42(b)"), this Court has discretion to bifurcate proceedings "[f]or convenience or to avoid

prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Rule 42(b) gives the Court "power to limit discovery to the segregated issues . . . One of the purposes of Rule 42(b) is to permit deferral of costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues." Ellingson Timber Co. v. Great N. Ry. Co., 424 F.2d 497, 499 (9th Cir. 1970). "Courts consider several factors in determining whether bifurcation is appropriate, including separability of the issues, simplification of discovery and conservation of resources, and prejudice to the parties." McDermott v. Potter, No. C 07-06300 SI, 2010 WL 956808, at *1 (N.D. Cal. Mar. 12, 2010); accord Yomi v. Sec'y Dep't of Health & Hum. Servs., No. 2:23-CV-01740-MEMF-E, 2024 WL 5275065, at *2 (C.D. Cal. Nov. 18, 2024). "Bifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case." Drennan v. Md. Cas. Co., 366 F. Supp. 2d 1002, 1007 (D. Nev. 2005). The party pursuing bifurcation bears the burden of establishing that "bifurcation will promote judicial economy or avoid inconvenience or prejudice to the parties." Karpenski v. Am. Gen. Life Cos., 916 F. Supp. 2d 1188, 1190 (W.D. Wash. 2012).

## III. DISCUSSION

Defendants argue that the Court should exercise its discretion to bifurcate discovery as to liability and damages to "avoid costly and burdensome discovery" that may be unnecessary if liability is resolved favorably for defendants on summary judgment. Mot. at 1. Specifically, defendants argue that: (1) "the proposed bifurcation makes sense because discovery on liability and damages issues is distinct"; (2) bifurcation will promote judicial economy because resolving liability before moving onto damages would "facilitate[] an earlier case resolution"; (3) bifurcation is more convenient for both parties because it is the "more cost effective" solution; and (4) bifurcation will not prejudice plaintiffs because "any delay [of trial] would be minimal." See generally id.

In opposition, plaintiffs counter that: (1) liability and damages do not present issues that are clearly separable; (2) bifurcation would not promote judicial economy because it "risks multiple rounds of fact discovery, expert discovery, discovery disputes, and dispositive motions"; (3) bifurcation is not convenient because it would "subject the witnesses [testifying on both liability and damages issues] and the parties to the burden and expense of duplicative depositions" and require the parties to issue multiple subpoenas to third-party witnesses; (4) bifurcation would prejudice plaintiffs by

“delaying the timely resolution of this case”; and (5) defendants put forth “no showing that bifurcation will reduce confusion.” See generally Opp.

In reply, defendants largely repeat their arguments but add that plaintiffs’ claim that defendants did not show that bifurcation will reduce confusion “makes no sense in this context” because the “risk of jury confusion is considered in connection with the bifurcation of trial,” not the bifurcation of discovery.[1]

For reasons given below, the Court concludes that defendants have not met their burden of showing that bifurcation of discovery is warranted in this case and therefore denies their request.

### A. Judicial Economy

First, the Court finds that the issues of liability and damages are not easily severable here. Indeed, defendants’ own motion acknowledges that “[l]iability-related subjects include . . . the value of the alleged trade secrets.” Mot. at 8. The Court also finds unpersuasive defendants’ contention that damages discovery will require the parties to review and produce evidence, including “sales data, supplier pricing . . . and retail distribution agreements,” that have “absolutely no bearing on liability whatsoever.” Id. at 9. On the contrary, information relating to sales, pricing, and retail distribution agreements is likely to bear on the independent economic value of the alleged trade secrets. Moreover, “evidence of the terms of the parties’ partnership is likely to overlap with financial aspects relevant to damages for [plaintiffs’] fiduciary duty claims.” Opp. at 11.

Second, to the extent that defendants contend bifurcation will promote judicial economy because the Court’s ruling on summary judgment as to liability may obviate the need for the presentation of any evidence on damages, this is true in every trade secrets case and does not provide a sufficient basis for bifurcation of discovery, especially where, as here, evidence and witnesses overlap between liability and damages issues.

[1] The Court agrees with defendants that the factor related to confusion refers to risk of juror confusion, which is inapposite here. See Moreno v. NBCUniversal Media, LLC, No. CV131038BROVBKX, 2013 WL 12123988, at *3 (C.D. Cal. Sept. 30, 2013). As a result, the Court does not consider this factor.

Third, the Court finds that, on balance, bifurcation will not promote party convenience. Here, defendants argue that the costs and time the parties will save from not proceeding with discovery on damages at the same time as discovery on liability weigh in favor bifurcation. Mot. at 12-13. Plaintiffs, on the other hand, contend bifurcating damages would require the same witnesses to testify multiple times, would require the parties to issue multiple subpoenas to third-party witnesses, including ones abroad, and would likely lead to repeated disputes over whether discovery topics are directed to liability or damages—and that these various considerations weigh against bifurcation. Opp. at 3-7. Again, because the two issues are intertwined, the Court concludes that separating discovery would unnecessarily prolong the process for the parties and waste judicial resources supervising two phases of discovery. Furthermore, to the extent that defendants claim it is in "everyone's interest to avoid *potentially* unnecessary costs through bifurcation" because a summary judgment ruling in their favor might obviate the damages issues, the Court finds that defendants' reliance on a hypothetical ruling is insufficient to warrant bifurcation here. Mot. at 13. This is so because it would also be in everyone's interest to avoid unnecessary costs of duplicative discovery in the counter-hypothetical where the Court rules against defendants on summary judgment.

Finally, to the extent that defendants rely on this Court's decision in Hoffman v. Goli Nutrition, Inc., 2025 WL 2459081 (C.D. Cal. Aug. 25, 2025), that case is readily distinguishable from the instant action. There, this Court bifurcated the narrow issue of whether the plaintiffs had standing to sue (i.e., whether plaintiffs owned the trade secrets), whereas here defendants ask the Court to bifurcate discovery as to liability wholesale. See generally Mot.

Accordingly, factors related to judicial economy weigh against bifurcation of discovery.

## B. Prejudice

Defendants argue that its proposed bifurcated schedule delays trial by "approximately three months" and that such a delay "pales in comparison to the prejudice both sides will suffer if required to participate in expensive and time-consuming damages discovery" that may ultimately prove unnecessary. Mot at 13-14. Plaintiffs counter that any delay to trial is prejudicial to the non-moving plaintiffs.

The potential for prejudice resulting from granting or denying the motion to bifurcate runs both ways. Denying the motion may potentially delay defendants' ability to resolve the case on summary judgment whereas granting the motion may potentially delay trial by three months, prejudicing plaintiffs.

Accordingly, this factor is neutral.

* * *

Keeping in mind that bifurcation of discovery is the exception not the rule, the Court concludes that defendants have failed to carry their burden to demonstrate that the exception is warranted here. See Shamraev v. Tiktok Inc., No. 2:22-CV-01811-SB-MAR, 2022 WL 17882129, at *3 (C.D. Cal. Oct. 12, 2022).

## IV. CONCLUSION

In accordance with the foregoing, the Court **DENIES** defendants' motion to bifurcate discovery as to liability and damages.

IT IS SO ORDERED.

00 : 13
Initials of Preparer CMJ